UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JULIE H. SULIK** | : | **CIVIL ACTION** |
| | : | |
| **VERSUS** | : | |
| | : | |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY** | : | **NO: 11-00339-BAJ-RLB** |
| | : | |

## RULING

Plaintiff, Julie H. Sulik ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g) denying Plaintiff's application for disability insurance benefits "under Title II and Part A of Title XVIII of the Social Security Act." (Tr. 95-97). [1] For the reasons assigned below, the decision of the Commissioner is **AFFIRMED** and Plaintiff's appeal will be **DISMISSED**.

**I.   PROCEDURAL HISTORY**

On or about June 2, 2008, Plaintiff filed an application for benefits alleging a disability onset date of August 17, 2007 (Tr. 95). The claim was initially denied and Plaintiff filed a timely request for a hearing that was held on November 2, 2009 at which Plaintiff, represented by counsel, appeared and testified (Tr. 28-54). A vocational expert (VE), Ms. Crystal Younger, also testified at the hearing (Tr. 48-53).

An unfavorable decision was rendered by the ALJ on December 9, 2009 (Tr. 17-24), finding that Plaintiff has not been under a disability from August 17, 2007 through September 30, 2008, the date last insured (Tr. 17). After receiving notice of the ALJ's decision, Plaintiff

---

[1] References to documents filed in this case are designated by "(rec. doc. [docket entry number(s)] at [page number(s)])." References to the record of administrative proceedings filed in this case are designated by "(Tr. [page number(s)])."

1

filed a Request for Review of Hearing Decision/Order with the Social Security Appeals Council ("Appeals Council") on January 4, 2010 (Tr. 12-13). 20 C.F.R. § 404.967 ("If you . . . [are] dissatisfied with the hearing decision . . . , you may request that the Appeals Council review that action."). Plaintiff also submitted additional medical information (Tr. 593-661) to the Appeals Council, which it considered (Tr. 1) and made part of the record (Tr. 4, 593-661).[2] Plaintiff's request for review was denied by the Appeals Council on March 11, 2011 (Tr. 1-3). The ALJ's decision rested as the final decision when the Appeals Council denied the claimant's request for review. *See* 20 C.F.R. § 404.981("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you . . . file an action in Federal district court . . . ."). The ALJ's final decision is now ripe for review under 42 U.S.C. § 405(g) of the Social Security Act.

## II.     STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) (defining "substantial evidence" in the context of the National Labor Relations Act, 29 U.S.C. § 160(e)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no

---

[2] "The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.976(b)(1).

substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quotations omitted). Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) ("This is so because substantial evidence is less than a preponderance but more than a scintilla."); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988) ("we must carefully scrutinize the record to determine if, in fact, such evidence is present; at the same time, however, we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's"); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (same).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). If the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

### III.   ALJ'S DETERMINATION

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability, and if the claimant is successful in sustaining his burden at each of the first four steps then the burden shifts to the Commissioner at step five. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). First, the claimant must prove he is not currently engaged in substantial gainful activity. 20

C.F.R. § 404.1520(b).  Second, the claimant must prove his impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c).  At step three the ALJ must conclude the claimant is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments.  *See* 20 C.F.R. § 404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments).  Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of his or her past relevant work.  20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education and past work experience, that he is capable of performing other work.  20 C.F.R § 404.1520(g)(1).  If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work.  *Muse*, 925 F.2d at 789.

In the ALJ's decision, the ALJ first found that Plaintiff met the insured status requirements of the Act and that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of August 17, 2007 through her date last insured of September 30, 2008 (Tr. 19).  At the second step, the ALJ found that Plaintiff had the following severe impairments: "Graves disease and breathing problems with recurrent sinusitis" (Tr. 19).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the impairments in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1 (Tr. 19-20).

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that she should "avoid exposure to temperature extremes" and work in environments free from "dust, fumes, odors, gases and chemicals" (Tr. 20). The ALJ determined that Plaintiff's complaints of disabling symptoms and impairments were not credible to the extent alleged (Tr. 20). At the fourth step, the ALJ found that Plaintiff was unable to perform any past relevant work because such work exceeds the limitations of her RFC (Tr. 22-23). At the fifth step, based on the aforementioned RFC, and considering Plaintiff's age, education and work experience, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (Tr. 23-24). The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, at any time from the alleged onset date through the date last insured (Tr. 24).

## IV. PLAINTIFF'S ALLEGATIONS OF ERROR AND COMMISSIONER'S RESPONSE

Plaintiff alleges that the ALJ was in error on several grounds (rec. doc. 9 at 2). She argues that (1) the ALJ erroneously found that she did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments; (2) that the RFC determination was erroneous; and (3) that the ALJ erroneously concluded that there are jobs that exist in significant numbers in the national economy that she can perform (rec. doc. 9 at 2).

The Commissioner responds that the ALJ properly determined that Plaintiff's impairments did not meet or equal a Listing in appendix 1 (rec. doc. 15 at 2). Plaintiff's brief also fails to cite any specific listing that she claims to meet and also fails to point to any medical findings that meet or equal any of the listings (rec. doc. 15 at 2). The Commissioner further responds that the ALJ's RFC determination was proper and that the VE's testimony supports the

ALJ's determination that Plaintiff was not disabled because she retained the ability to perform a significant number of jobs in the national economy (rec. doc. 15 at 3).

## V. ANALYSIS

### A. ALJ's Listing Analysis

The Commissioner found at step two that Plaintiff had severe impairments consisting of "Graves disease and breathing problems with recurrent sinusitis" (Tr. 19). An ALJ who finds at step two that an applicant has severe impairments must then consult "the Listings" at step three.[3]

The Listings criteria are "demanding and stringent." *Falco*, 27 F.3d at 162. Moreover, at step three, the burden of proof rests with the claimant. That burden is to provide and identify medical signs and laboratory findings that support all criteria for a step three impairment determination. *Selders*, 914 F.2d at 619. Importantly here, when a claimant fails, courts must conclude that substantial evidence supports the ALJ's finding that the level and severity of claimant's impairment(s) are not equivalent to any Listing. *Selders*, 914 F.2d at 619-20 (the plaintiff "has not shown the requisite additional physical or other mental impairment . . . . Thus, substantial evidence supports the Secretary's conclusion that Selders' impairment was not equivalent to any in the Listing of Impairments.").

In the instant case, Plaintiff alleges that the ALJ erred in finding that she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments (rec. doc. 9 at 4-5). She does not, however, identify any specific listing that she

---

[3] "The Listings" is a vernacular term referring to appendix 1 to subpart P of part 404 of the Regulations. 20 C.F.R. pt. 404, subpt. P, app. 1. Appendix 1 lists various impairments and indicators of their medical severity. Impairments in "the Listings" are so severe that they preclude substantial gainful activity. *See, e.g.*, 20 C.F.R. § 404.1520(d) (if a claimant meets a listing, he or she will be found "disabled without considering your age, education, and work experience"); SSR 88-3c, 1988 WL 236022 (Jan. 1, 1988). Accordingly, the Listings function as a short-cut whereby an ALJ may take administrative notice of per se disability for claimants with Listings-level impairments. *Albritton v. Sullivan*, 889 F.2d 640, 642 (5th Cir. 1989) (claimant who meets a Listing is "*per se* disabled"); *Barajas v. Heckler*, 738 F.2d 641, 644 (5th Cir. 1984) (impairments described in the Listings are "per se disabilities") (quoting *Chico v. Schweiker*, 710 F.2d 947, 951 (2d Cir. 1983)) (citing 20 C.F.R. §§ 404.1525(a), 416.920(d)).

claims to meet or identify any specific evidence in the record or otherwise demonstrate that she meets the requirement of any such listing (rec. doc. 9 at 5).[4]  Plaintiff simply states that she suffers from "Graves Disease, asthma, chronic breathing problems due to mycobacterium avium-intravellulare infection of the lungs and sinuses, and heart palpitations."[5] (rec. doc. 9 at 5). Accordingly, because she does not argue or point to evidence of a specific listing, Plaintiff has failed to satisfy her step three burden and the ALJ's finding is supported by substantial evidence. *See, e.g.*, *White v. Astrue*, No. 11-1304, 2012 WL 4866510, at *12 (N.D. Tex. Sept. 6, 2012) (finding that substantial evidence supported the ALJ's decision because the claimant failed to argue or provide evidence that he met specific sections of the Listings), *adopted by*, 2012 WL 4868068 (Oct. 15, 2012); *Garrett v. Astrue*, No. 11-066, 2011 WL 6938463, at *8 (N.D. Tex. Oct. 18, 2011) (substantial evidence supports ALJ decision where claimant failed to argue or provide evidence that he met the criteria of a Listing), *adopted by*, 2012 WL 11124 (N.D. Tex. Jan. 3, 2012); *Lloyd v. Astrue*, No. 10-920, 2011 WL 7049451, at *3 (W.D. La. Dec. 7, 2011) (ALJ's decision was supported by substantial evidence where "plaintiff has not identified any listing that he purports to meet or equal, nor has he demonstrated that he meets or equals all of the criteria of any given listing"), *adopted by*, 2012 WL 135677 (W.D. La. Jan. 17, 2012), *aff'd*, 484 Fed. Appx. 994 (5th Cir. 2012), *cert. denied*, -- U.S. -- , 133 S. Ct. 1470 (2013); *White v. Astrue*, No. 09-16, 2009 WL 4823843, at *2 (M.D. La. Dec. 10, 2009) ("plaintiff does not provide the Court with any analysis of the relevant regulations or evidence to support his contention that his impairments meet or medically equal a listed impairment. Further, plaintiff

---

[4] Plaintiff does not argue that the ALJ failed to identify any listings that could possibly apply. *See Audler v. Astrue*, 501 F.3d 446, 448-49 (5th Cir. 2007) (even if an ALJ errs by failing to provide reasons for an adverse step three determination, the plaintiff must still establish that he or she meets a Listing, otherwise the error is harmless and the ALJ's determination will stand).

[5] A diagnosis alone is not sufficient to meet the criteria of a listing. 20 C.F.R. § 404.1525(d).

fails to suggest or inform the Court as to the listing or listings his impairments meet. Therefore, the Court finds that plaintiff has failed in his burden at step three").

In evaluating the ALJ's opinion, it is clear that he considered the medical evidence in detail in making his ultimate decision.  It is similarly true, however, that he did not explain why Plaintiff failed to meet the criteria of any particular impairment.[6] Summarily concluding that a claimant does not meet or equal the criteria of an unspecified Listing is insufficient to permit meaningful review. *Audler*, 501 F.3d at 448 ("Such a bare conclusion is beyond meaningful judicial review") (citation omitted).  Nevertheless, the inquiry does not end there and requires a further determination as to whether the error was harmless. *Id*. ("Having determined that the ALJ erred in failing to state any reason for her adverse determination at step 3, we must still determine whether this error was harmless.") (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988) ("The procedural improprieties alleged by Morris will therefore constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Id.* at 335.).

Here, the ALJ's failure to provide reasons for his step three finding was harmless because Plaintiff has not met her burden of establishing that she satisfies the specified criteria of any identified Listing. *See, e.g.*, *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) ("We reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings."); *Smith v. Astrue*, 914 F. Supp. 2d 764, 784-85 (E.D. La. 2012)

---

[6] It does not appear that this argument has been specifically raised by the Plaintiff and thus could be deemed waived. *See, e.g.*, *Perez v. Barnhart*, 415 F.3d 457, 462 n.4 (5th Cir. 2005) ("To the extent that Perez attempted to advance" an argument that the ALJ should have found him disabled at step three, "it is waived due to inadequate briefing."); *White*, 2009 WL 4823843, at *2 (M.D. La) (plaintiff's briefing was inadequate to meet his burden at step three, and possibly even raise an argument at step three, where he failed to "provide any analysis of the relevant law or facts to support his argument").

("Although it would have been preferable for the ALJ to have discussed the evidence that she considered immediately following her step-three finding," remand is not warranted because "plaintiff has not proven that her substantial rights have been affected and any error on the part of the ALJ at step three of the § 416.920 analysis was harmless.").

      B.      <u>Residual Functional Capacity Determination</u>

Plaintiff's second allegation of error is that the ALJ erroneously determined her residual functional capacity. The ALJ determined that Plaintiff "had the residual functional capacity to perform sedentary work . . . except she should avoid exposure to temperature extremes and work in environments free of dust, fumes, odors, gases and chemicals." (Tr. 20).

Plaintiff does not challenge the ALJ's determination that she can perform sedentary work and does not cite to any evidence in the record, medical or otherwise, that challenges the actual RFC determination. (rec. doc. 9 at 5). Instead, Plaintiff argues that it "is unrealistic to believe that Mrs. Sulik can find work in an environment that is completely free of dust, fumes, odors, gases and chemicals." (rec. doc. 9 at 5). To the extent that this is a challenge to the ALJ's determination that work exists in significant numbers in the national economy that Plaintiff could have performed, that is addressed in the following section.

Plaintiff, however, appears to interpret the RFC determination to be limited to environments <u>completely</u> free of dust, fumes, odors, gases and chemicals. Plaintiff does not cite to any evidence in the record that supports a finding that she must remain in an environment completely free from such exposure. In addition, such an interpretation of the RFC is not consistent with the ALJ's ruling, the record in this case, or the testimony of the vocational expert.

9

The ALJ conducted a thorough review of Plaintiff's medical history (Tr. 20-22). The ALJ explained that "no doctor has placed any restriction of activities of daily living on her." (Tr. 22).[7] The Court has likewise reviewed the entire record and finds that none of Plaintiff's physicians have noted that her immune system is compromised in a way to justify restrictions that require her to completely avoid dust or fumes. Any indication regarding the strength of Plaintiff's immune system is limited to Plaintiff's own statement in her Disability Report. (Tr. 44, 113-122). Plaintiff briefly mentions that her allergist, Dr. Ben Gaudin, told her that her "immune system was low" and treated her with a "pneumonia shot." (Tr. 117-118). However, she only saw Dr. Gaudin twice – once in July and once in August of 2007. (Tr. 117). Based on the Court's review of the record, Dr. Gaudin's medical reports are not provided. Therefore, the Court finds the ALJ's determination that none of Plaintiff's physicians indicated any restrictions that would suggest Plaintiff was incapable of tolerating a normal environment.

The ALJ also noted that Plaintiff's activities are inconsistent with any such limitation. (Tr. 22). Specifically, the ALJ stated that testimony at the hearing "shows that the claimant is able to care for her personal needs and handle light household chores such as doing the dishes and laundry." (Tr. 21-22). Plaintiff further testified that she visits friends "very little" and attends church "two or three times a month." (Tr. 38). She is able to drive and travels to Baton Rouge to spend time with her "16-year-old child" who lives there. (Tr. 39). When asked whether she goes to the movies, Plaintiff responded negatively. (Tr. 38). However, her reasons for avoiding movie theatres did not include any environmental element. Rather, Plaintiff testified that she "cough[s] too much during" movies and "everybody is yelling" at her. (Tr. 38-39). The

---

[7] *See Hollis v. Bowen*, 837 F.2d 1378, 1387 (5th Cir. 1988) (lack of medical restrictions or limitations bears upon plaintiff's credibility with respect to alleged impaired ability to work).

10

ALJ found that these "activities are inconsistent with her allegations of incapacitating pain and other symptoms, and suggest that she can perform at least sedentary work activities." (Tr. 22).

For these same reasons, the Court also finds that any error by the ALJ in failing to specify that the extent of the environmental limitation is to levels more significant than those encountered in everyday life is harmless. The medical evidence in the record and Plaintiff's everyday activities are consistent with this RFC determination and were properly considered by the vocational expert as set forth below. *See Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995) ("It is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status.").

In support of her argument that the RFC determination is improper, Plaintiff states that she is unable to perform her prior work as a bank teller (rec. doc. 9 at 5). Plaintiff fails to realize, however, that the ALJ agreed with the testimony of the vocational expert that this position would exceed the RFC as established. (Tr. 23, 52). This is the basis for the ALJ's finding at Step Four that Plaintiff was unable to perform any past, relevant work (Tr. 22-23).

In summary, the Court finds that the ALJ's RFC determination is consistent with Plaintiff's medical records and her daily activities and substantial evidence supports that determination.

      C.     <u>Determination that Sufficient Jobs Exist that Plaintiff Can Perform</u>

At Step Five, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs existing in significant numbers in the national economy that Plaintiff could have performed.

Plaintiff testified at the hearing that she was 45 years old. (Tr. 31). Plaintiff had a high school education with no vocational training. (Tr. 32). Her past work experience included work

11

as a bank teller, as a preschool teacher and after care worker, as a self-employed salesperson, and as an inspector of damaged freight shipments. (Tr. 32-33, 49).

Ms. Crystal Younger, a vocational expert, also testified at the ALJ hearing. "A vocational expert is called to testify because of [her] familiarity with job requirements and working conditions." *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). "The value of a vocational expert is that [s]he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986).

At the hearing, Plaintiff's attorney indicated that he had reviewed the qualifications of Ms. Younger and had no objection to her testifying as a vocational expert. (Tr. 48). Ms. Younger had been providing vocational expert testimony on social security disability cases since 2003. (Tr. 93). Ms. Younger was asked to assume a hypothetical person of the same age, education and vocational experience as Plaintiff. (Tr. 51). The ALJ then posed the following hypothetical:

Q: Okay. So, now if I reduce her to sedentary work with the same environmental restrictions, that means no temperature extreme [sic], free of dust, fumes, gasses, odors, chemicals. Would there be, would she be able to return to any past relevant work?

A: No, Your Honor.

Q: Would there be other jobs that she could do?

A: Well, Your Honor, there are a number of other sedentary jobs that fit that requirement.

(Tr. 52).

Ms. Younger identified a number of positions in the local and national economy that exist in significant numbers fitting within the RFC determination found by the ALJ. Those jobs included that of an office clerk, a receptionist, an information clerk, and a bookkeeper (Tr. 52). Even with an additional limitation of limited speaking due to constant coughing, Ms. Younger testified that Plaintiff could still perform the jobs of bookkeeping and accounting clerk and also indicated a position as a "driver" would also be available (Tr. 52-53).

Thus, the vocational expert relied on her expertise to arrive at the conclusions she gave to the ALJ and explained how she arrived at those conclusions. Expert vocational testimony can constitute substantial evidence in support of an ALJ's ultimate determination when the hypothetical question which elicited it incorporates all disabilities that the ALJ has found, the disabilities recognized by the ALJ are reasonable under the evidence, and the ALJ's ultimate determination is consistent with the expert vocational testimony. *See, e.g.*, *Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001) (citing *Bowling*, 36 F.3d at 436); *Chenier v. Apfel*, No. 00-744, 2000 WL 1755271, at *6 (E.D. La. Nov. 29, 2000) ("when the ALJ's hypothetical questions to the vocational expert include all the limitations supported by the record, the testimony of a vocational expert constitutes substantial evidence of a significant number of jobs the claimant can perform." citing *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)). The testimony in this case meets these requirements.

Once the Commissioner found that work in the national or local economy was available to Plaintiff, the burden of proof shifted back to Plaintiff to rebut this finding. *Selders*, 914 F.2d at 618. Plaintiff has made no showing to meet her burden of proof that she could not perform other work. Accordingly, the Court finds that the ALJ's decision at Step Five was supported by substantial evidence.

## VI.   CONCLUSION

For the reasons assigned, the decision of the Commissioner denying Plaintiff's application for disability insurance benefits will be **AFFIRMED**, and the complaint of Plaintiff, Julie H. Sulik, will be **DISMISSED**, with prejudice.

Baton Rouge, Louisiana, this 23rd day of September, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**